Román, Demandante y Apelado, v. Márquez, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito sobre indemnización de daños y perjuicios.

No. 2131.—Resuelto en mayo 24, 1920.

Daños y Perjuicios — Negligencia. — Habiéndose demostrado que los daños y perjuicios sufridos por el demandante se deben a la culpa y negligencia del demandado, no infringe la ley la sentencia que condena a éste a pagar al demandante dichos daños y perjuicios.

Id.—Daños Punitivos.—En el presente caso la corte inferior condenó al demandado a satisfacer cierta cantidad al demandante en concepto de daños punitivos. Se resolvió: que habiéndose planteado el pleito bajo la base de una reclamación de daños y perjuicios materiales realmente causados, no era procedente la condena de daños punitivos. El Tribunal no estudió ni resolvió, por tanto, la cuestión de si podían imponerse o no tales daños punitivos en un caso apropiado, de acuerdo con la ley, en Puerto Rico.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. J. D. Rodríguez.

Abogado del apelado: Sr. J. C. Rivera.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

En la demanda se alega que el 15 de enero de 1918, en el kilómetro 32, hectómetros 2 y 3 de la carretera de San Sebastián a Lares, un automóvil del demandado guiado por él mismo, chocó con un carro tirado por tres caballos de la propiedad del demandante, despaldando uno de los caballos y fracturando totalmente la pata trasera derecha a otro, quedando ambos inútiles para el trabajo. Se alega, además, en la demanda, en resumen, que el choque ocurrió por la negligencia del demandado y que a causa de él el demandante ha sufrido perjuicios que calcula en la suma de $450.

El demandado negó los hechos de la demanda que le perjudicaban y alegó que el choque se debió a la negligencia del demandante.

Fué el pleito a juicio. Ambas partes presentaron prueba testifical y la corte dictó finalmente sentencia concediendo al demandante la indemnización solicitada. El demandado interpuso entonces el presente recurso de apelación.

Consta en los autos la opinión de la corte sentenciadora y de ella transcribimos las conclusiones a que llegó a virtud de la prueba practicada.

"Que el día 15 de enero de 1919, un carro del demandante José Tomás Román, cargado con guineos y tirado por tres caballos, venía desde el pueblo de Lares hacia Aguadilla, y estaba parado en el medio de la carretera en la curva cerrada y peligrosa, en el kilómetro 32 del camino de Aguadilla a Lares, sitio conocido por el 'Peligro.'

"Que había a la orilla del camino, al lado del precipicio que hay en dicho lugar, unos montones de piedra.

"Que el demandado, José Márquez Sein, venía guiando un automóvil suyo y al doblar la dicha curva sin tocar bocina traía tanta velocidad el carro, más de 25 kilómetros por hora, que le era imposible parar el mismo a tiempo para evitar el choque, y habiendo un estrecho lugar entre el dicho carro del demandante y la muralla a la derecha del camino, el demandado trató de pasar su automóvil y como resultado de esto chocó con los caballos del demandante fracturándole una pata a uno y causándole una contusión en la espalda al otro, quedando inútil el uno, y el otro sin poder trabajar por algunos meses.

"Que el mejor de los caballos le costó al demandante la suma de ciento veinte y cinco pesos.

"Este caso es uno de los accidentes corrientes que ocurren con tanta frecuencia en las carreteras de nuestra isla. La prueba es robusta y clara sobre la negligencia del demandado al violar el inciso (*b*) del artículo 13, de la 'Ley para Reglamentar el uso de Vehículos de Motor, etc.,' aprobado en 13 de abril de 1916, y ha sido aportada por la misma parte demandada.

"Ahora la prueba del demandante sobre todos los extremos de los daños y perjuicios causádosle en su negocio, no ha sido clara, y por consiguiente la corte solamente puede tratar sobre los daños causados a los caballos y sí, debe o no conceder daños punitivos. Indudablemente el presente caso es una flagrante violación de la ley de referencia que ha podido traer un desenlace fatal, y la corte opina que es negligencia criminal doblar la curva de referencia, en el sitio conocido en toda la isla por el 'Peligro,' a una velocidad de más de 24 kilómetros por hora, por tanto opina que ha de concederse al demandante daños punitivos que estima en la suma de cuatrocientos veinte y cinco pesos."

Hemos estudiado la prueba practicada y estamos enteramente conformes con la apreciación que de ella ha hecho la Corte de Distrito de Aguadilla en cuanto a la forma y manera en que ocurrieron los hechos, y sentimos en verdad no estarlo en cuanto a la cuestión de los daños punitivos.

Este pleito se planteó bajo la base de una reclamación de los daños y perjuicios materiales realmente causados y analizando la prueba solo puede acordarse la indemnización de ciento veinte y cinco pesos, valor del caballo que sufrió la fractura y quedó completamente inútil. No hay datos para calcular el valor del otro caballo y la evidencia que se introdujo con respecto a la ganancia dejada de obtener por el demandante por la pérdida de su negocio es tan incompleta, que no puede llegarse por ella a conclusión cierta alguna.

En tal virtud procede la confirmación de la sentencia recurrida pero modificándola en el sentido indicado en cuanto a la cuantía de la indemnización.

> *Confirmada la sentencia apelada pero modificando la cuantía de la indemnización que se fija en $125.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.